IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Theresa Russell<br>2 Bombay Court<br>Stafford, VA 22554<br><br>    Plaintiff,<br><br>v.<br><br>U.S. Department of Justice<br>9th & Pennsylvania Ave, N.W.<br>Washington, D.C. 20530<br><br>Hon. Jeff Sessions<br>United States Attorney General<br>9th & Pennsylvania Ave, N.W.<br>Washington, D.C. 20530<br><br>United States Marshall's Service<br>1S 1215 S. Clark Street<br>Arlington, VA<br><br>Hon. David Harlow<br>Acting Secretary<br>United States Marshall's Service<br>1S 1215 S. Clark Street<br>Arlington, VA<br><br>    Defendants. | Civil Action No. __-cv-_____-__<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Jury Trial Demanded** |

## COMPLAINT AND REQUEST FOR JURY TRIAL

NOW COMES Plaintiff, Theresa Russell (herein referred to as "Russell", "Plaintiff") by way of her attorney, Morris E. Fischer, Esq. and sues the U.S. Department of Justice ("DOJ") and the United States Marshals Service ("USMS"), herein referred to as "Defendants," for reasons therefore states that at all times mentioned in this complaint:

## Preliminary Statement

This is an action by Plaintiff to redress actions taken individually and collectively by Defendants based on Title VII of the Civil Rights Act of 1964, and 42 U.S.C.S. § 2000e *et seq.*

## Jurisdiction and Venue

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sec. 1331 for claims arising under federal law, i.e., 42 U.S.C.S. § 2000e-3.

2. There is an actual controversy between Plaintiff and Defendants.

3. Defendant, United States Marshall Service is a federal law enforcement agency within the United States Department of Justice.

4. Plaintiff was employed by the Defendants as a Supervisory Management and Program Analyst, GS-14.

5. Upon information and belief, Defendants are a federal agencies located in Washington, DC.

6. At all times relevant to this case, Defendants have been employers and have engaged in an industry affecting commerce, have employed fifteen or more employees, and otherwise have been employers, within the meaning of 42 U.S.C. Sec 2000(b).

7. Plaintiff filed her informal EEO Complaint with the Defendant's Office of Civil Rights on or about August 22, 2016 (exhibit "1").

8. Plaintiff filed her informal EEO Complaint within 45 days of learning that she had been non-selected for the BIC Chief position.

9. Plaintiff went through the mandatory EEO counseling.

10. The EEO Counseling ended on or about September 6, 2016 (Exhibit "2").

<»

11. Plaintiff filed her formal EEO Complaint on September 15, 2016 (Exhibit "3").

12. Plaintiff filed her formal EEO Complaint within 15 days of the EEO Counseling being concluded.

13. More than one hundred eighty (180) days have passed since the filing of Plaintiff's formal EEO complaint.

14. As such, this Court has jurisdiction over this case.

## FACTS RELATING TO CLAIMS

15. Theresa Russell was employed with the USMS since 1997.

16. Since March of 2010, Plaintiff was employed by the Defendants as a Supervisory Management and Program Analyst.

17. At all times herein mentioned, Plaintiff was assigned to the Administrative Support Center.

18. Since 1997, for the majority of Plaintiff's time at the United States Marshal's Service she was assigned to the Judicial Security Division.

19. Since 1997, for the majority of Plaintiff's time at the United States Marshal's Service she was assigned to the Judicial Security Division and assigned to multiple capacities as a Physical Security Specialist (GS-0080), Management and Program Analyst/Administrative Officer (GS-0343), and Supervisory Management and Program Analyst/Assistant Chief (GS-0343).

20. In these positions, Ms. Russell garnered unique experience working under the 0324/USMS funding appropriation as well as the 0930/Administrative Office of the U.S. Court funding appropriation.

21. In these positions, Ms. Russell worked closely with every JSD program office on multiple complex projects and initiatives.

22. Defendants advertised the position of Supervisory Management and Program Analyst, GS-0343-15, under Job Vacancy Announcement Number 1665349.

23. Plaintiff made the Promotion Certificate under the aforesaid vacancy announcement.

24. The aforesaid position was located in the USMS, Judicial Security Division in the Business Integration Center, Washington, DC.

25. Attached hereto is the position description for the subject Supervisory Management and Program Analyst, GS-0343-15, position (Exhibit 4).

26. Plaintiff applied for the subject position.

27. Plaintiff provided a complete application which contained a thorough amount of information regarding her skills, qualifications, experience, including her project management experience.

28. As a result of her application, Plaintiff was chosen to move onto the next round in the selection process, which was the interview stage.

29. Plaintiff was interviewed by an interview panel as part of the application process.

30. The panel consisted of Gary Insley, Tom Wight and Chad Nieboer.

31. The panel consisted only of males.

32. Tom Wight was the Selecting Official for the subject position.

33. Mr. Wight previously testified, "Theresa (Russell) and Mark, last name escapes me at the moment, they were a distant second and third." (Exhibit 5).

34. There was no objective ranking system for the subject position known to Ms. Russell with respect to the subject position.

35. Gary Insley first informed Plaintiff that the reason she was not selected for the subject position was that at the interview, she didn't "say enough" about her project management experience.

36. Plaintiff retorted to Mr. Insley that she had said enough about her project management experience.

37. Tom Wight selected, Terry Bearden, a male, for the position.

38. At the time of the aforementioned selection, Tom Wight was aware of Terry Bearden's gender.

39. At the time of the aforementioned selection, Tom Wight was aware of Plaintiff's gender.

40. In direct response to Plaintiff, Mr. Insley told Plaintiff that she wasn't selected because the selectee, Terry Bearden, had been in that position's acting capacity and as such, he was able to answer some of the interview questions in a more detailed manner.

41. The interview panel ranked Plaintiff second out of the four candidates that were interviewed.

42. Since at least, March of 2010, the Judicial Security Division has not hired any female GS-15 Supervisors through Merit Promotion.

43. Since at least, March of 2010, the Judicial Security Division has not hired any female GS-15 Supervisors through Merit Promotion, regardless if the female candidates were more qualified than their male counterparts.

44. Prior to the positon's creation in the Business Integration Center, Plaintiff was tasked with performing a number of the duties assigned to the subject position up for promotion.

45. Plaintiff was substantially more qualified than the selectee.

46. Plaintiff assisted in creating the very subject position in the Business Integration Center.

47. The selectee did not assist in creating the very subject position in the Business Integration Center.

48. At the time the subject selection was made, Plaintiff possessed 10 years of consecutive high-level experience in the GS-0343 series.

49. The selectee, Mr. Bearden joined the USMS/JSD during the second half of 2010 as a Supervisory Contract Specialist (GS-1102) only working under the 0930/Administrative Office of the U.S. Court funding appropriation.

50. Mr. Bearden's GS-14 experience in JSD was in a completely different and unrelated series and position than that of the BIC Chief position (GS-0343).

51. Mr. Bearden's resume indicated that his previous job experience, since 2005, was all in the GS-1102 series.

52. Mr. Bearden's resume indicated that all of the duties of his prior positions only pertained to contract and procurement experience.

53. The vast majority of Mr. Bearden's experience and prior job duties did not fall in line with the duties of the BIC Chief GS-0343 series position

54. Additionally, a requirement of the BIC Chief position included a Top Secret.

55. At the time of the subject selection, Ms. Russell held a Top Secret Clearance.

56. The Top Secret Clearance Ms. Russell held at the time of the subject selection, she had held since 2007.

57. Mr. Bearden had not held a Top Secret clearance prior to or at the time of the subject selection.

58. Mr. Bearden has ever obtained a Top Secret Clearance since being selected for the position.

## GENDER DISCRIMINATION

Plaintiff hereby re-alleges and incorporates by reference all paragraphs.

59.    Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000(e) *et seq.* prevents an employer from taking adverse employment actions based on an individual's gender.

60.    Defendant's non-selection Plaintiff for the position of Supervisory Management and Program Analyst, GS-0343-15, under Job Vacancy Announcement Number 1665349, constituted an adverse action against Plaintiff.

61.    Defendant's non-selection Plaintiff for the position of Supervisory Management and Program Analyst, GS-0343-15, under Job Vacancy Announcement Number 1665349, constituted a tangible action against Plaintiff.

62.    Plaintiff's gender was a motivating factor in Defendants non-selection of Plaintiff for the subject position.

63.    Defendants actions constituted a violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000(e) *et seq.*

64.    There was a causal link between the Plaintiff's gender and Defendants' aforementioned employment actions.

65.    Because of this unlawful conduct, Plaintiff suffered monetary damages and additionally suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other personal damages.

**WHEREFORE,** Plaintiff prays that she be awarded the following relief:

(a)  promotion to the position of Supervisory Management and Program Analyst, GS-0343-15,

(b)  all back pay, including benefits, adjustment to pension, etc.

(c)  $200,000 for pain and suffering;

(d)  attorneys' fees;

(e)  costs and interest

(f)  and any other relief the Court may deem proper.

_____
Morris E. Fischer, Esq.
1400 Spring Street, Ste. 350
Silver Spring, MD 20910
(301) 328-7631 phone
(301) 328-7638 fax
morris@mfischerlaw.com
Counsel for Plaintiff

Date: November 11, 2017

## PLAINTIFF'S JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff by counsel herein serves her jury demand upon Defendant. Plaintiff herein demands a jury on all issues triable in his case, as listed in her complaint.

Morris E. Fischer, Esq.
1400 Spring Street, Ste. 350
Silver Spring, MD 20910
(301) 328-7631 phone
(301) 328-7638 fax
morris@mfischerlaw.com
Counsel for Plaintiff

Date: November 11, 2017